UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

TENNESHA WOOD,

        Plaintiff,

   -against-

7SIXTY3 MEDIA LLC,

        Defendant.

---------------------------------------------------------X

17-CV-6483

**COMPLAINT**

     Plaintiff, Tennesha Wood, by and through her attorney, Howard A. Bender, Esq., as and for her complaint against 7sixty3 Media LLC, Defendant, does hereby allege:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is an individual who at all times relevant hereto resided in, and continues to reside in, New York County, New York State.

2.     Upon information and belief, Defendant is a limited liability company formed under the laws of the State of New York with a principal place of business at 244 Fifth Avenue, Suite D267, New York, New York 10001.

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Venue is proper in this Court as a result of Defendant's residency pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2).

## FACTS GIVING RISE TO CLAIM

5.     Plaintiff, a United States citizen, is the sole owner, and producer of content, of a work entitled "The Dating, Relationships, and Love (DRL)" podcast ("The DRL Podcast").

6. Plaintiff filed for U.S. Copyright registration for The DRL Podcast on April 4, 2017.

7. In or around February 2016, Plaintiff and Defendant entered into an agreement pursuant to which Defendant agreed to provide production assistance for The DRL Podcast (the "Agreement").

8. In consideration for Defendant offering to provide production assistance for The DRL Podcast, Plaintiff agreed to provide Defendant with a "25% resource fee" for all sponsorship deals offered to Plaintiff while the Agreement was in effect.

9. The Agreement was the sole agreement between the parties concerning their respective rights to one another and The DRL Podcast.

10. The Agreement's duration was a "minimum of 20 episodes."

11. The Agreement provides that it "permits [Plaintiff] to retain basic copyright."

12. The Agreement was drafted by Defendant.

13. Between February 2016 and February 2017, Plaintiff created 53 episodes of The DRL Podcast and completed performance pursuant to the Agreement.

14. In or around March 2017, Plaintiff advised Defendant that Plaintiff was terminating the Agreement.

15. Upon terminating, Plaintiff requested that all information rightfully belonging Plaintiff, including any subscriber, download, and/or traffic information for The DRL Podcast be provided to Plaintiff.

16. Upon termination, Plaintiff also requested that any information, including user name and password information associated with third-party accounts for The DRL Podcast, including, but not limited to third-party accounts at Apple, Inc., Google Inc, Stitcher, Inc., SoundCloud, Inc. ("SoundCloud"), Facebook, Inc., and Twitter Inc. be provided to Plaintiff.

17.     Defendant refused to provide Plaintiff with any of the information requested by Plaintiff.

18.     In or around April 2017, Plaintiff received emails from SoundCloud, a third-party audio file hosting company, notifying her that Defendant had claimed certain digital files containing The DRL Podcast, and provided by Plaintiff to SoundCloud, infringed on Defendant's copyright despite the fact that Defendant did not own the copyright to The DRL Podcast.

19.     As a result of Defendant's false claim, SoundCloud removed the files containing The DRL Podcast, thereby preventing Plaintiff from broadcasting The DRL Podcast on SoundCloud's servers and causing Plaintiff to lose valuable business information, including information pertinent to sponsorships.

20.     Defendant also sent an email to Plaintiff on March 27, 2017 which falsely claimed that certain "offending media" "located and identified on SoundCloud.com" infringed on Defendant's work.

21.     On July 12, 2017, Plaintiff sent Defendant a demand letter notifying Defendant of its continuing violations and infringements of Plaintiff's copyright and demanding that Defendant cease infringing on Plaintiff's copyright and provide Plaintiff with all information rightfully belonging to her.

22.     Defendant continues to infringe upon Plaintiff's copyright by (i) refusing to provide Plaintiff with information rightfully belonging to Plaintiff and required by Plaintiff in order to broadcast her copyrighted work; and, (ii) wrongfully claiming ownership in The DRL Podcast, thereby causing irreparable damage to Plaintiff.

## FIRST CAUSE OF ACTION
## **COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 AND 501)**

23. Plaintiff incorporates herein by this reference each and every averment contained in Paragraphs 1 through 22.

24. Through its conduct averred herein, Defendant has infringed Plaintiff's copyright in The DRL Podcast in violation of Sections 106 and 501 of the Copyright Act.

25. Defendant's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights, and have caused, and continue to cause, Plaintiff irreparable harm.

26. As a direct and proximate result of said infringement by Defendant, further irreparable harm to Plaintiff is imminent and Plaintiff is without an adequate remedy at law.  Pursuant to 17 U.S.C. § 502(a), Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further such acts of copyright infringement and requiring Defendant to provide Plaintiff with any and all information belonging to Plaintiff and needed to broadcast The DRL Podcast and/or otherwise permit Plaintiff to enjoy the full and fair benefits of its copyrighted work.

27. Pursuant to 17 U.S.C. § 504(a), Plaintiff is further entitled to recover from Defendant damages, in an amount to be proven at trial, that are the direct and proximate result of said infringement by Defendant.

28. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to any profits garnered by Defendant attributable to the infringement, including an accounting of, and constructive trust with respect to, such profits.

29. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to her attorney's fees and full costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For a preliminary and permanent injunction prohibiting Defendant, its respective agents, servants, employees, officers, successors, licensees, assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright in The DRL Podcast.

2. For damages in such amount as may be found, or as otherwise permitted by law.

3. For an accounting of, and the imposition of a constructive trust with respect to, Defendant's profits attributable to its infringement of Plaintiff's copyright in The DRL Podcast.

4. For Plaintiff's attorney's fees, costs, and disbursements in this action.

5. For prejudgment interest as permitted by law.

6. For such other and further relief as this Court may deem just and proper.

Dated: Rye Brook, New York
August 25, 2017

_____
HOWARD A. BENDER, ESQ.
Attorney for Plaintiff, Tennesha Wood
800 Westchester Avenue – Suite 641-N
Rye Brook, New York 10573
Ph: 914.921.1998
Fax: 914.368.9705
hbender@benderesq.com